UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAHA ZORBA, | CIVIL ACTION 1:15-cv-08663 |
| Plaintiff, | |
| v. | COMPLAINT |
| BAYVIEW LOAN SERVICING, LLC, EQUIFAX INFORMATION SERVICES, INC., EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## **COMPLAINT**

NOW COMES the Plaintiff, Maha Zorba ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, Bayview Loan Servicing, LLC, Equifax Information Services, Inc., Experian Information Solutions, Inc., and Trans Union, LLC (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. This is an action by a consumer seeking actual, statutory, punitive damages, attorney fees, and costs for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq.

**JURISDICTION AND VENUE**

2. This action arises under, and is brought pursuant to, the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p and 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States.

3. Venue in this district is proper because each Defendant does business in this district and the all relevant acts or omissions harming Plaintiff occurred in this district.

1

## PARTIES

4. Plaintiff is a natural person who resides in the Northern District of Illinois. Plaintiff is a consumer within the meaning of the FCRA as defined by 15 U.S.C. §1681a(c) and (b). The Plaintiff is also a debtor as defined by the Bankruptcy Code, 11 U.S.C. §101(13).

### Equifax

5. Equifax Information Services, Inc. ("Equifax") is a corporation incorporated in the state of Georgia, is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State. It has a registered agent located in Illinois.

6. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

7. Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

### Experian

8. Experian Information Solutions, Inc. ("Experian") is a corporation incorporated in the state of Ohio, is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State. It has a registered agent located in Illinois.

9. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

10. Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

### Trans Union

11. Trans Union, LLC ("Trans Union") is a Delaware limited liability corporation with its principal place of business in Chicago, Illinois.

12. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

13. Trans Union is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

### Bayview

14. Bayview Loan Servicing, LLC ("Bayview") is a Delaware limited liability corporation with its principal place of business in Coral Gables, Florida. Bayview is a foreign company, debt collector, and servicer of mortgage loans across the country, including the State of Illinois.

15. Bayview is a furnisher of information to the major credit reporting agencies (commonly known as Equifax, Experian and Trans Union) ("CRAs").

### BANKRUPTCY CASE

16. On October 12, 2012, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 12-40615.

17. Bayview was a properly listed and scheduled creditor in Plaintiff's bankruptcy. *See* Exhibit A, a true and correct copy of Plaintiff's Chapter 13 Bankruptcy Schedule D filed with the court.

18. Plaintiff's Schedule D listed a Bayview Loan Servicing account secured by property located at 935 N. Countryside Drive, Unit 213, Palatine, Illinois 60067 ("subject debt" or "subject property"). *Id*.

19. On October 17, 2012, the Bankruptcy Noticing Center ("BNC") served Bayview with notices of Plaintiff's Chapter 13 bankruptcy filing and Plaintiff's Original Chapter 13 Plan. *See* Group Exhibit B, true and correct copies of the BNC Certificates of Notice establishing service of the Notice of Chapter 13 Bankruptcy Case and Plaintiff's Original Chapter 13 Plan upon Bayview.

20. Plaintiff's Original Chapter 13 Plan proposed to treat the subject debt as follows:

> "1. Debtor is surrendering the real property located at 935 N. Countryside Drive, Unit 213, Palatine, Illinois to Bayview Loan Servicing, in full satisfaction of its claims." *Id*., Original Chapter 13 Plan at p. 5.

21. On November 27, 2012, Debtor filed a Modified Chapter 13 Plan.

22. On November 29, 2012, the BNC served Bayview with Plaintiff's Modified Chapter 13 Plan. *See* attached Exhibit C, a true and accurate copy of the Certificate of Notice executed by the BNC establishing service of Plaintiff's Modified Chapter 13 Plan upon Bayview.

23. Debtor's Modified Chapter 13 Plan contained language in Section G of the Plan that again stated:

> "1. Debtor is surrendering the real property located at 935 N. Countryside Drive, Palatine, Unit 213, Illinois to Bayview Loan Servicing, in full satisfaction of its claims." *Id.* at p. 5.

24. Plaintiff's Original and Modified Chapter 13 Plans expressly stated that no future payments would be made with regards to the subject debt. *Id.* at p. 2.

25. Bayview did not object to its treatment in Plaintiff's Modified Chapter 13 Plan.

26.     On November 30, 2012, Plaintif's Modified Chapter 13 Plan was confirmed by the Honorable Judge Donald R. Cassling. *See* attached Exhibit D, a true and correct copy of the Confirmation Order.

27.     Plaintiff fully performed her duties as set forth in her confirmed Chapter 13 Plan.

28.     On January 23, 2013, Bayview filed a Motion for Relief from Stay relating to the subject property. The Motion acknowledged Plaintiff's intent to surrender the subject property and that "no future payments will be forthcoming." *See* Exhibit E, a true and correct copy of Bayview's Motion for Relief from Stay.

29.     On February 1, 2013, Bayview's Motion was granted, allowing Bayview to proceed with foreclosure of the subject property. *See* Exhibit F, a true and correct copy of February 1, 2013 Order.

30.     On August 6, 2013, Plaintiff was granted a discharge of all her dischargeable debts, including the subject debt.

31.     On August 8, 2013, the BNC served Bayview with the Discharge Order. *See* attached Exhibit G, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Discharge Order upon Bayview.

32.     The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the Debtor … The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged." *Id*. at p. 2.

33.     Having surrendered the subject property to Bayview in her bankruptcy, Plaintiff's personal liability on the subject debt was extinguished via her bankruptcy discharge.

**CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTE**

34. Because the Chapter 13 discharge "eliminates a debtor's legal obligation to pay," the credit reporting industry standards for reporting accounts discharged through Chapter 13 bankruptcy call for reporting both a balance and past due amount of zero. *See* Exhibit H, a true and correct copy of "Frequently Asked Questions and Answers 28," excerpted from the 2011 Consumer Data Industry Association's ("CDIA") Credit Reporting Resource Guide.

35. On or about April 28, 2014, Plaintiff obtained a copy of her three-bureau consumer credit file. *See* Exhibit I, a true and correct copy of the relevant pages of Plaintiff's Experian three-bureau consumer credit file, dated April 28, 2014.

36. The April 28, 2014 credit report revealed that all three CRAs reported the subject debt incorrectly. *Id*.

37. Equifax and Trans Union both reported that the subject debt was 120 days past due, as well as multiple post-bankruptcy-filing and post-discharge late payments.[1] *Id*.

38. Experian also reported post-bankruptcy-filing late payments. *Id*.

39. None of the CRAs reported that the subject debt was discharged in bankruptcy. *Id*.

**Plaintiff's Written Dispute to the CRAs**

40. On or about August 8, 2014, Plaintiff sent a written dispute to the CRAs requesting that her credit file be updated to reflect the zero balance and discharged status of all accounts discharged in her bankruptcy ("dispute"). Plaintiff attached the relevant bankruptcy documents to her dispute. *See* Group Exhibit J, true and correct copies of Plaintiff's dispute to the CRAs.

---

[1] Credit reporting industry standards require that no late payments are reported in the months following the filing of a Chapter 13 bankruptcy. *See* Exhibit I.

41. Among other things, Plaintiff's dispute stated the following:

   a. "I am enclosing a copy of the Order Discharging Debtor;"
   b. "Please update the subject credit file(s) to reflect the discharged status of the debts;"
   c. "Report a current balance of '0'" on all discharged accounts;
   d. "Specifically, I am requesting an investigation into the following accounts: …Bayview Financial Loan, Account No. 628000049xxxx … is reporting inaccurately showing late payments. The Bankruptcy was filed on October 12, 2012 and was discharged on August 6, 2013;" and
   e. "I request that you forward this letter, and the enclosures, to each of the creditors listed above." *Id*.

### Equifax's Response

42. On August 23, 2014, Equifax responded to Plaintiff's dispute. Equifax stated in its response, "We have researched the [Bayview] account [# 628000049] … This account has been updated to show included in bankruptcy." *See* Exhibit K, a true and correct copy of Equifax's August 23, 2014 investigation results submitted by Equifax to Plaintiff.

43. According to Equifax's response, the Bayview account had a scheduled payment amount of $816, and the date of first delinquency was October 2012, the same month Plaintiff filed her Chapter 13 bankruptcy. Moreover, Equifax still reported multiple post-bankruptcy-filling and post-discharge late payments. In the historical account information section of the trade line, Equifax reported a balance of $119,917 and a past due status as recently as February 2014.

### Experian's Response

44. On August 23, 2014, Experian responded to Plaintiff's dispute. Experian stated in its response that it "updated" the Bayview account. *See* Exhibit L, a true and correct copy of Experian's August 23, 2014 investigation results submitted by Experian to Plaintiff.

45. With regards to the subject debt [# 628000049], Experian inaccurately displayed a balance of $119,917 as recently as February 2014 in the "Account history" section of the trade

7

line, a scheduled payment amount of $816, and multiple post-bankruptcy-filing late payments. *Id*.

### Trans Union's Response

46. On September 10, 2014, Trans Union responded to Plaintiff's dispute. Trans Union investigated some of Plaintiff's disputed accounts, but not the Bayview account. *See* Exhibit M, a true and correct copy of Trans Union's September 10, 2014 investigation results submitted by Trans Union to Plaintiff.

### Plaintiff's Credit File and Continued Inaccurate Information

47. On October 9, 2014, Plaintiff again obtained her three-bureau credit report from Experian. *See* Exhibit N, a true and correct copy of the relevant pages of Plaintiff's three-bureau credit report from Experian, dated October 9, 2014.

48. Equifax incorrectly indicates that Plaintiff is "[m]aking regular payments under [wage earner plan]" and still reports multiple post-bankruptcy-filing and post-discharge late payments. Moreover, Equifax provides no indication that subject debt was discharged in bankruptcy. *Id*.

49. Experian incorrectly indicates that the subject debt is subject to a payment plan and still reports multiple post-bankruptcy-filing late payments. *Id*.

50. Trans Union still reports a payment status of "120 days past due" and multiple post-bankruptcy-filing and post-discharge late payments. Moreover, Trans Union provides no indication that subject debt was discharged in bankruptcy. *Id*.

### Harm Caused by Inaccurate Credit Reporting

51. Plaintiff field her Chapter 13 bankruptcy nearly three years ago, seeking a fresh start in life. Since then she has taken diligent steps to rebuild her credit.

52. Defendants' inaccurate credit reporting has thwarted Plaintiff's efforts to do so; the inaccurate reporting has had a significant negative impact on Plaintiff's credit rating..

53. In October 2014, Plaintiff was denied employment based on her consumer credit file, as part of an employment background check.

54. Plaintiff is in search of new employment, but cannot obtain another position in her field due to Defendants' erroneous credit reporting.

55. Plaintiff was also denied financing on multiple occasions. In particular, Plaintiff, who is a frequent flyer and a United Mileage Plus member, was denied for a United Explorer card. *See* Exhibit O, a true and correct copy of a letter denying Plaintiff the extension of credit.

56. Plaintiff has also had to pay an increase in her homeowners and auto insurance policies as a result of Defendants' inaccurate credit reporting.

57. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line credit, the loss of time and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her dispute, and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment and credit denials.

58. Bayview deliberately reports inaccurate and incomplete information to the CRAs as a means to coerce Plaintiff into payment of the subject debt because Bayview knows that the inaccurate reporting will have a significant impact on Plaintiff's ability to obtain credit.

59. The CRAs equally know that the subject property was surrendered in full satisfaction—Plaintiff sent her Bankruptcy information in her dispute. However, they continue to report the inaccurate and incomplete information provided by Bayview.

60. The ongoing refusal of Bayview to correct the inaccurate information, along with the CRA's reporting of the same, amounts to willful conduct in violation of the FCRA.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against The CRAs)

61. Plaintiff realleges and reincorporates paragraphs 1 through 60 above as if fully set out herein.

62. CRA Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit files they published and maintained concerning Plaintiff—they received Plaintiff's bankruptcy information, but failed to update Plaintiff's credit file accordingly.

63. CRA Defendants violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and to subsequently delete or correct the information in Plaintiff's credit report.

64. CRA Defendants violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that they received relating to Plaintiff's dispute.

65. CRA Defendants violated 15 U.S.C. §1681i(a)(5)(A) by failing to delete or modify the inaccurate information which was the subject of Plaintiff's dispute.

66. As pled in paragraphs 51 through 57 above, Plaintiff has suffered various types of damage as a result of the conduct, actions, and inaction of the CRAs.

67. As pled in paragraphs 58 through 60 above, the conduct, actions, and inaction of the CRAs were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

68. In the alternative, the CRAs were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff, Maha Zorba, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. ordering the deletion or modification of all adverse credit reporting relating to the subject debt;

c. awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. awarding Plaintiff statutory damages of $1000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. 1681o; and

g. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (Against Bayview)

69. Plaintiff realleges and reincorporates paragraphs 1 through 60 above as if fully set out herein.

70. Bayview violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving the request for investigation from the CRAs triggered by Plaintiff's dispute.

71. Bayview violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the CRA Defendants relating to Plaintiff's dispute.

72. Bayview violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the incorrect information, with respect to the subject debt.

73. As pled in paragraphs 51 through 57 above, Plaintiff has suffered various types of damage as a result of the conduct, actions, and inaction of Bayview.

74. As pled in paragraphs 58 through 60 above, the conduct, actions, and inaction of Bayview were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

75. In the alternative, Bayview was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff, Maha Zorba, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. ordering the deletion of all adverse credit reporting relating to the subject debt;

c. awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. awarding Plaintiff statutory damages of $1000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. 1681o; and

g. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 30, 2015

Respectfully Submitted,
/s/ Mohammed O. Badwan
/s/ Daniel J. McGarry
Mohammed O. Badwan, Esq. ARDC#6299011
Daniel J. McGarry, Esq. ARDC#6309647
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181